IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Karen Pulse, et al., | Case No. 3:16 CV 91 |
| Plaintiffs, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Pete Gale, et al., | |
| Defendants. | |

## INTRODUCTION

*Pro se* Plaintiffs Karen Pulse and Paul Barnhart filed this action under 42 U.S.C. § 1983 and 18 U.S.C. § 241 against Erie County Adult Probation Officers Pete Gale and Keith Williams, Erie County Chief Probation Officer Karen Volz, Erie County Common Pleas Court Judge Roger Binnette, Sandusky Police Officer Adam West, Sandusky Police Lieutenant Lewis, the Erie County Common Pleas Court, the Erie County Adult Probation Office, and the Sandusky Police Department. Plaintiffs allege Defendants (1) conspired with a confidential informant to arrest Barnhart for selling illegal narcotics while on probation; (2) conducted an illegal search of Plaintiffs' residence; (3) unreasonably detained Plaintiffs during the search; (4) subjected Pulse to cruel and unusual punishment; and (5) maliciously prosecuted Barnhart. They seek an order from this Court enjoining the criminal proceedings pending against Barnhart and awarding them damages.

This Court previously identified deficiencies in the Complaint (Doc. 11) and gave Plaintiffs an opportunity to amend. The First Amended Complaint (Doc. 15), postmarked the same day as this Court's Show Cause Order, displayed the same deficiencies (*see* Doc. 16). The Second Amended

Complaint (Doc. 20) corrected those deficiencies. Defendants filed three Motions to Dismiss the Second Amended Complaint (Docs. 22–24), and this Court gave Plaintiffs one month to respond (Doc. 26). Plaintiffs styled their response as a Motion for Summary Judgment (Doc. 27), which this Court denied as premature and construed as Plaintiffs' Opposition to the Motions (Doc. 29).

**BACKGROUND**

Barnhart was arrested in January 2014 and charged with one count of trafficking in marijuana, one count of possession of marijuana, and one count of possession of drugs. *See State of Ohio v. Barnhart*, No. 2014-CR-007 (Erie County, Indictment filed Feb. 12, 2014). He pled guilty to the charges in August 2014 and was sentenced to three years of intervention under the supervision of the Erie County Probation Office, during which time the criminal case was held in abeyance. If Barnhart successfully completed probation, the state court would dismiss the indictment. *Id.*

On December 1, 2014, the Sandusky Police Department received a tip from an informant that Barnhart was in possession of thirteen pounds of marijuana, concealed inside five-gallon paint buckets in the basement of Pulse's home, where he was staying. The informant also indicated Barnhart had two ounces of cocaine and a large amount of cash (Doc. 20 at 8).

Officer West contacted Probation Officer Gale, who advised that Barnhart had consented to warrantless searches of his residence as a condition of his probation. West, Gale, and Probation Officer Williams decided to conduct a random check on Barnhart (*id.*).

When Gale, West, and Williams arrived at Plaintiffs' residence, only Barnhart and his then-girlfriend, Holly Robuck, were at home. Barnhart answered the door and, upon seeing his probation officer, called to warn Robuck. The officers went upstairs to Barnhart's bedroom and found Robuck trying to hide plastic bags containing cocaine and pills. Plaintiffs allege Robuck was the

2

confidential informant and conspired with Gale, West, Williams, and Lieutenant Lewis to plant the drugs in his room (*id.*).

Pulse returned home during the search. Williams ushered her into the kitchen and stood at the doorway to prevent her from leaving the room while the officers searched the house. In addition to drugs they found in Barnhart's bedroom, the officers confiscated a digital scale, a CD case with white residue found in Barnhart's bedroom, unknown pills found in the living room couch, cash from a cabinet in the laundry room, green vegetation from the laundry room, and two five-gallon paint buckets from the basement. Officers transported Barnhart and Robuck to the police station, but only Barnhart was charged with drug offenses and a probation violation (*id.* at 8–9). Both cases are still pending in the Erie County Court of Common Pleas.

Plaintiffs assert claims under 42 U.S.C. § 1983 and 18 U.S.C. § 241. First, they contend Defendants violated their Fourth Amendment rights to be free from unreasonable searches and seizures. Second, they claim Defendants deprived them of property and liberty without due process in violation of their Fifth and Fourteenth Amendment rights. Third, Pulse asserts Defendants violated her right to be free from cruel and unusual punishment under the Eighth Amendment when they searched her home and confined her to the kitchen. Finally, Plaintiffs allege Defendants conspired to violate their civil rights in violation of 18 U.S.C. § 241 by working with Robuck to plant illegal drugs in Barnhart's bedroom. They ask this Court to enjoin the state court criminal proceedings against Barnhart and award them damages.

## STANDARD OF REVIEW

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in [the] complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

*Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. A plaintiff need not include detailed factual allegations in the complaint, but "an unadorned, the-defendant-unlawfully-harmed-me accusation" will not suffice. *Iqbal*, 556 U.S. at 678. This Court construes the complaint's factual allegations in the light most favorable to the plaintiff. *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008).

### ANALYSIS

As an initial matter, Plaintiffs request that "Sandusky's Motion to Dismiss" be "stricken from the record" because "Sandusky's Defendants did not make an appearance for nearly (90) days up [sic] before filing a 12(b)(6) defense" (Doc. 27-1 at 12). Contrary to Plaintiffs' assertion, Defendants' Motions to Dismiss were filed within sixty days of the filing of the original, deficient Complaint (*compare* Doc. 1 (filed Jan. 14, 2016), *with* Doc. 24 (filed March 11, 2016)), and within the fourteen days this Court gave Defendants to respond to the Second Amended Complaint (*see* Doc. 17). Plaintiffs' request to strike the pleadings is denied.

**Claims Against Erie County and the City of Sandusky**

The Erie County Common Pleas Court, the Erie County Adult Probation Department and the Sandusky Police Department are not proper parties to this case. Common pleas courts, county probation departments and police departments are not *sui juris*, meaning they cannot sue or be sued in their own right. *See Cimerman v. Cook*, 561 F. App'x 447, 450 (6th Cir. 2014) (common pleas courts are not *sui juris*); *Wilson v. Trumbull Cty. Dep't of Job & Family Servs.*, 2013 WL 5820276, at *3–4 (N.D. Ohio 2013) (county agencies do not have the capacity to sue or be sued); *Elkins v.*

*Summit County, Ohio*, 2008 WL 622038, at *6 (N.D. Ohio 2008) (police departments are not *sui juris*).

These claims fail even if construed against the proper parties. As a rule, local governments may not be sued under 42 U.S.C. § 1983 under a *respondeat superior* theory of liability for an injury inflicted solely by employees or agents. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Plaintiffs may only hold a local government entity liable under Section 1983 for the entity's own wrongdoing. *Id.* A local government entity violates Section 1983 where its official policy or custom actually serves to deprive an individual of his or her constitutional rights. *Id.* A municipality can therefore be held liable when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers." *Id.* at 690; *DePiero v. City of Macedonia*, 180 F.3d 770, 786 (6th Cir. 1999). Plaintiffs have not alleged facts suggesting the probation officers or the police officers were following a policy or custom of Erie County or the City of Sandusky when they searched Plaintiffs' house and arrested Barnhart. Plaintiffs' claims under 42 U.S.C. § 1983 against the Erie County Court of Common Pleas, the Erie County Adult Probation Department, and the Sandusky Police Department are dismissed.

**Claims Against Volz and Binnette**

Plaintiffs seek to hold Chief Probation Officer Volz and Judge Binnette liable for the actions of their employees or people whom they supervise. They allege Volz is responsible for the actions of Gale and Williams by virtue of her position. Additionally, they claim the Adult Probation Department is part of the General Division of the Court of Common Pleas, which makes the Common Pleas Court responsible for the actions of the probation officers. They claim the Common Pleas Court is "under Roger Binnette's rule," making Judge Binnette ultimately responsible for the actions of Gale and Williams (Doc. 4 at 4).

A supervisor cannot be held liable for the actions of employees based solely on allegations that the supervisor had the right to control the employee's actions, or was aware of the employee's misconduct. *See Monell*, 436 U.S. 658, 690–91 (1978); *Hays v. Jefferson County, Ky.*, 668 F.2d 869 (6th Cir. 1982); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Plaintiffs must allege facts suggesting the supervisor encouraged the specific misconduct or in some way directly participated in it. But Plaintiffs allege no facts suggesting Volz or Binnette were directly involved in the search of their residence, the seizure of their property or their detention during and after the search. The claims against Volz and Binnette under 42 U.S.C. § 1983 are dismissed.

Further, to the extent Plaintiffs' claims against Binnette are based on decisions he made in any of Barnhart's criminal proceedings, they are barred by absolute immunity. Judges are absolutely immune from civil suits for money damages. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). A suit may proceed against a judge only when: (1) the conduct alleged is not performed while acting in his capacity as a judge; or (2) the conduct alleged, although judicial in nature, is taken in complete absence of all jurisdiction of the court over which he presides. *Mireles*, 502 U.S. at 11–12; *Barnes*, 105 F.3d at 1116. A judge will not be deprived of immunity even if the action he or she took was performed in error, done maliciously, or was in excess of his or her authority.

In this case, Plaintiffs have not alleged either exception to judicial immunity applies. Plaintiffs do not allege facts to suggest they had interactions with Binnette outside of the courtroom. All their allegations suggest he was acting in his capacity as a judge when the incidents in question occurred. Furthermore, common pleas courts have subject matter jurisdiction over criminal cases, including probation violation hearings. Binnette is entitled to absolute immunity from this suit. Plaintiffs' conclusory protests to the contrary (*see* Doc. 27-1 at 6–7) are unpersuasive.

**Conspiracy Claims**

Neither can Plaintiffs state a claim for relief under 18 U.S.C. § 241. This is a criminal statute; it does not provide a private cause of action for Plaintiffs in a civil rights case. *Booth v. Henson*, 2008 WL 4093498, at *1 (6th Cir. 2008); *United States v. Oguaju*, 2003 WL 21580657, *2 (6th Cir. 2003). The conspiracy claims are dismissed.

**Constitutional Claims Against Individual Officers**

*Eighth Amendment Claim*. Pulse's Eighth Amendment claim is also dismissed. The Eighth Amendment's protections apply specifically to post-conviction inmates. *See Barber v. City of Salem, Ohio*, 953 F.2d 232, 235 (6th Cir. 1992). Pulse was not in prison when the actions of which she complains occurred, so the Eighth Amendment does not apply.

*Fifth and Fourteenth Amendment Claims*. Both Plaintiffs assert Defendants seized their property and deprived them of liberty without due process in violation of the Fifth and Fourteenth Amendments. But Plaintiffs' factual allegations relate to the illegal search and seizure of Pulse and Barnhart, followed by the malicious prosecution of Barnhart. These claims implicate only the Fourth Amendment. *See Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010); *Wilson v. Collins*, 517 F.3d 421, 428 (6th Cir. 2008).

*Fourth Amendment Claims*. This Court must abstain from addressing those Fourth Amendment claims, however, because they are intertwined with the pending state court criminal actions against Barnhart. Barnhart claims Gale, Williams, West, and Lewis violated his Fourth Amendment rights by conducting an unlawful search without a warrant or probable cause, and by taking him into custody against his will "despite the exclusionary rule" and the "rule of logic" suggesting whoever is physically holding the property is the rightful owner of it (Doc. 20 at 11).

Pulse claims Williams unreasonably detained her in the kitchen while the other officers conducted the search of her home in violation of the Fourth Amendment.

A federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. *See Younger v. Harris*, 401 U.S. 37, 44–45 (1971). When a person is the target of an ongoing state action involving important state matters, he or she cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could be raised in the state case. *Watts v. Burkhart*, 854 F.2d 839, 844–48 (6th Cir. 1988). *Younger* abstention requires the federal court to defer to the state proceeding. *Id*; *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987). Based on these principles, abstention is appropriate if the state court proceedings: (1) are ongoing; (2) implicate important state interests; and (3) afford an adequate opportunity to raise federal questions. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil as long as federal court intervention "unduly interferes with the legitimate activities of the state." *Younger*, 401 U.S. at 44.

All three factors supporting abstention are present here. Barnhart is currently awaiting trial in two criminal cases in the Erie County Court of Common Pleas stemming from the drugs found during the search in question. He challenges the validity of the search, the seizure of the drug evidence and his arrest. This Court acknowledges state court criminal matters are of paramount state interest. *See Younger*, 401 U.S. at 44–45. The third element of *Younger* requires Barnhart to have an opportunity to assert his federal challenges in the state court proceeding. The pertinent inquiry is whether the state proceedings afford an adequate opportunity to raise the federal claims. *Moore v. Sims*, 442 U.S. 415, 430 (1979). They do. *See Pennzoil*, 481 U.S. at 14–15.

8

To the extent Plaintiff requests injunctive relief against Defendants, his claims are dismissed. *Younger*, 401 U.S. at 44–45. To the extent Plaintiff is seeking damages, the Sixth Circuit requires this Court to stay the action pending the conclusion of the state court criminal proceedings. *Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1075 (6th Cir. 1998). Upon conclusion of the criminal proceedings, Barnhart's Fourth Amendment claims for damages against Gale, Williams, West, and Lewis may be reopened. This does not mean his claims will necessarily be found to have merit if reopened. If he is convicted of the charges, the claims he asserts in this action may be barred by *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (finding that claims which call a conviction or sentence into question cannot be raised in a Section 1983 action unless the conviction has been overturned on appeal or set aside by a federal habeas corpus decision).

Pulse is not facing criminal charges; however, resolution of her claims necessarily requires this Court to determine the validity of the search which led to the discovery of the evidence supporting the charges against Barnhart. Deciding her claims would similarly interfere with the state court proceedings against Barnhart. This Court will thus stay Pulse's Fourth Amendment claims for damages as well.

## CONCLUSION

Judge Binnette's First Motion to Dismiss (Doc. 18) is denied as moot. The Motions to Dismiss (Docs. 22–24) are granted in part. Plaintiffs' claims against Volz, Binnette, the Erie County Common Pleas Court, the Erie County Adult Probation Department and the Sandusky Police Department are dismissed with prejudice. Their conspiracy claim under 18 U.S.C. § 241, their claims under the Fifth and Fourteenth Amendment, and Pulse's Eighth Amendment claim are also dismissed with prejudice. At this time, the Court abstains from exercising its jurisdiction over Plaintiffs' Fourth Amendment claims against Gale, Williams, West, and Lewis, and stays this action

until both the state court criminal proceedings against Barnhart have concluded.  Defendants shall promptly advise this Court when the state proceedings are resolved.

    IT IS SO ORDERED.

                                                     s/ *Jack Zouhary*
                                            JACK ZOUHARY
                                            U. S. DISTRICT JUDGE

                                            April 27, 2016